UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EURODRIP, USA, INC., a California corporation,<br><br>    Plaintiff,<br>v.<br>B&B DRIP IRRIGATION, INC.,<br><br>    Defendant. | 1:09-cv-00716-AWI-SMS<br><br>ORDER VACATING HEARING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DEEMING THE MOTION SUBMITTED FOR DECISION (Doc. 18)<br><br>**Vacated Hearing Date:<br>August 14, 2009**<br><br>FINDINGS AND RECOMMENDATIONS RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. 18)<br><br>ORDER DIRECTING THE CLERK TO SERVE FINDINGS AND RECOMMENDATIONS ON DEFENDANT |

    Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(19).

    Pending before the Court is Plaintiff's motion for default judgment, filed on June 30, 2009, with a memorandum, declarations of Christopher S. Hall and Rowland Wilkinson with exhibits, a proposed order, and a certificate of service.

    I. Vacating the Hearing on the Motion

    Pursuant to Rule 78-230(h) of the Local Rules of Practice

1

for the United States District Court, Eastern District of California, the Court finds that the motion of Plaintiff for entry of a default judgment is a matter that may appropriately be submitted upon the record and briefs.

Accordingly, the hearing on the motion, presently set for August 14, 2009, IS VACATED, and the motion IS DEEMED SUBMITTED to the Court for decision.

## II. Default Judgment

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not certain on the face of the claim and where 1) the defendant has been served with the claim; 2) the defendant's default has been entered for failure to appear; 3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and 4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry or setting aside of a default judgment include the nature and extent of the delay, Draper v. Coombs, 792 F.2d 915, 924-925 (9th Cir. 1986); the possibility of prejudice to the plaintiff, Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986); the merits of plaintiff's substantive claim, id.; the sufficiency of the allegations in the complaint to support judgment, Alan Neuman Productions, Inc., 862

F.2d at 1392; the amount in controversy, <u>Eitel v. McCool</u>, 782 F.2d at 1471-1472; the possibility of a dispute concerning material facts, <u>id.</u>; whether the default was due to excusable neglect, <u>id.</u>; and the strong policy underlying the Federal Rules of Civil Procedure that favors decisions on the merits, <u>id.</u>

### III. <u>Notice and Default</u>

#### A. <u>Notice of the Application</u>

Fed. R. Civ. P. 55(b)(2) requires written notice of an application for default judgment be served at least three days prior to the hearing on a defaulting party who has appeared in the action. An appearance for the purpose of Rule 55 need not be a formal one and may consist even of informal contacts made by the defaulting party where the defaulting party demonstrates a clear purpose to defend the suit. <u>In re Roxford Foods v. Ford</u>, 12 F.3d 875, 879-81 (9th Cir. 1993).

Here, the purported proof of service of the motion for default judgment (Doc. 19, filed June 30, 2009) is not supported by a declaration under penalty of perjury. Local Rule 5-135(c) expressly requires that proof of service shall be under penalty of perjury. Accordingly, if notice of the application were required, then legally sufficient proof of service of the pertinent papers is lacking.

However, the declaration of Plaintiff's counsel, Christopher S. Hall, establishes that the sole communication he had with Defendant relative to this action was a certified demand letter dated April 7, 2009, addressed to Defendant's representative, Lance Bradford, to which Defendant did not respond. (Decl. ¶ 14, Ex. A.) Plaintiff has shown that Defendant has not appeared in

1 the action within the meaning of Rule 55(b).

2 Accordingly, there has been a demonstration that there is no
3 inadequacy of notice of the application.

### B. Notice of the Judgment Sought

5 Fed. R. Civ. P. 55(d) and 54(c) require that a judgment by
6 default shall not be different in kind from or exceed in amount
7 that prayed for in the demand for judgment.

8 Here, in the complaint Plaintiff sought damages in the
9 principal amount of $188,000.78, with interest at the maximum
10 legal rate from the date of filing of the complaint through the
11 entry of judgment, and then at the maximum legal rate from the
12 date of entry of judgment until paid in full; Plaintiff also
13 sought costs. (Cmplt. p. 5.) In the application for default
14 judgment, Plaintiff seeks some costs and the same amount of
15 damages plus pre-judgment and post-judgment interest in amounts
16 computed by Plaintiff. Accordingly, adequate notice of the
17 judgment sought has been given to Defendant.

### C. Service

19 With respect to Defendant's notice of the action, a proof of
20 service stated to be true under penalty of perjury under the laws
21 of the state of California reflects that a registered process
22 server personally served the registered agent of Defendant B&B, a
23 Texas corporation, at a specified address and time on April 29,
24 2009. This service is legally sufficient pursuant to Fed. R. Civ.
25 P. 4(e)(2)(A).

### D. Default

27 The twenty-day time period provided in Rule 12(a) ran after
28 service of the complaint, and yet Defendant B&B failed to file a

4

responsive pleading. The Clerk entered the default of Defendant on May 27, 2009, after Plaintiff filed a request for entry of default and a certificate of service of the request for entry of default.[1]

### IV. Legal Sufficiency of the Complaint

A default judgment generally bars the defaulting party from disputing the facts alleged in the complaint, but the defaulting party may argue that the facts as alleged do not state a claim. Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392. Thus, well pleaded factual allegations, except as to damages, are taken as true; however, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default. Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

#### A. Breach of Contract

Federal courts sitting in diversity must enforce state rules that are clearly substantive, or "intended to be bound up with the definition of the rights and obligations of the parties." Byrd v. Blue Ridge Rural Electrical Co-op., Inc., 356 U.S. 525, 536 (1958). State rules that define the elements of a claim, affirmative defenses, presumptions, burdens of proof, and rules that create or preclude liability are clearly substantive, and their application in diversity actions is required. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 109-11 (1945)

---

[1] Again, the proof of service of the request was not made under penalty of perjury, but this does not affect the validity of the application for default judgment.

5

1  (statute of limitations); <u>Dick v. New York Life Ins. Co.</u>, 359
2  U.S. 437, 446-47 (1959) (presumptions and burden of proof). A
3  federal court in a diversity case applies state law of contract
4  formation, interpretation, and admissibility of parol evidence.
5  <u>Pacific Portland Cement Co. v Food Machinery and Chemical Corp.</u>,
6  178 F.2d at 546; <u>Coplay Cement Co. v. Willis & Paul Group</u>, 983
7  F.2d 1435, 1438 (7th Cir. 1993); <u>Computer Economics, Inc. v.</u>
8  <u>Gartner Group, Inc.</u>, 50 F.Supp.2d 980, 990-91 (S.D. CA 1999).
9      The elements of a claim for breach of contract are the
10 existence of a contract, Plaintiff's performance thereof or
11 excuse for nonperformance, Defendant's breach, and damages
12 resulting therefrom. <u>Reichert v. General Ins. Co. of America</u>, 68
13 Cal.2d 822, 830 (1968); <u>Acoustics, Inc. v. Trepte Construction</u>
14 <u>Co.</u>, 14 Cal.App.3d 887, 913 (1971).
15     Plaintiff alleges that there was a partial oral and partial
16 written agreement between the parties that was the basis of
17 Plaintiff's delivery and sale to Defendant of drip irrigation
18 goods, that an invoice (Ex. B to the complaint) contained the
19 contractual terms of purchase, that Plaintiff delivered materials
20 to Defendant, and that the payment to be made by Defendants
21 pursuant to the agreement was $188,000.78. The only terms stated
22 in Exhibit B are "1% 10 DAYS, NET 30 DAYS." (Doc. 1-3, p. 2.)
23 Defendant acknowledged receipt of the product and its debt to
24 Plaintiff of $188,000.78 on the outstanding invoice but has not
25 made payment despite demand therefor. (Cmplt. ¶¶ 10-13.)
26 Specifically, Plaintiff delivered to Defendant between April and
27 October 2008 irrigation materials, and Defendant accepted the
28 materials, for a total agreed-upon price of $188,000.78,

6

consisting of a principal balance of $177,359.22 and accrued finance charges of $10,641.56. (Id. ¶ 15.) Plaintiff performed all terms and conditions pursuant to the terms of the agreement, and Defendant breached the agreement by failing to pay the agreed-upon price. (Id. 16-17.)

Thus, Plaintiff has alleged an agreement to purchase and sell goods, the performance of the agreement by Plaintiff and the nonperformance and breach thereof by Defendant, and the amount of money due after delivery of the goods. Plaintiff has alleged facts sufficient to state a claim for breach of contract under California substantive law.

### B. Common Counts

In the second cause of action, Plaintiff re-alleged the previous allegations of the complaint and alleged further that Defendant became indebted to Plaintiff for goods sold and delivered by Plaintiff to Defendant, Plaintiff was entitled to payment for the delivered goods pursuant to the agreement between the parties, and the total amount owed was $188,000.78. (Cmplt. ¶¶ 18-21 [goods sold and delivered].)

In the third cause of action, Plaintiff re-alleged the previous allegations and alleged that within the past four years at Madera, California, an account was stated in writing between Plaintiff and Defendant in which it was agreed that Defendant was indebted to Plaintiff in the sum of $188,000.78, but Defendant did not pay despite demand having been made. (Cmplt. ¶¶ 22-25 [account stated].)

In the fourth cause of action, Plaintiff realleged the previous allegations and further alleged that within the past

7

four years, Defendant became indebted to Plaintiff on an open book account in connection with a sale of drip irrigation made to Defendant at Defendant's special instance and request and for which Defendant agreed to pay the sum of $188,000.78, which had been demanded by not yet paid. (Cmplt. ¶¶ 26-29 [open book account].)

A common count is derived from the common law action of general assumpsit, in which indebtedness was pleaded on the basis of generalized reasons (money had and received, goods sold and delivered, work and labor done, materials furnished, etc.) that actually amounted to legal conclusions. See, 4 Witkin, California Procedure (5th ed. 2008), ¶ 553. It is appropriate to allege a common count even in a situation involving an express contract as long as the plaintiff has performed under the contract, and nothing remains for the defendant to do but the pay the price in money. Ferro v. Citizens Nat. Trust & Savings Bank, 44 Cal.2d 401, 409 (1955).

Plaintiff argues that the common counts are well pleaded.

The only essential allegations of a common count are 1) the statement of indebtedness in a certain sum, 2) the consideration, i.e., goods sold, work done, etc., and 3) nonpayment. Farmers Ins. Exchange v. Zerin, 53 Cal.App.4th 445, 460 (1997).

It is sufficient to allege with respect to a common count for goods sold and delivered that the defendant was indebted to the plaintiffs at a specific time in a stated sum on an account for goods sold and delivered by the plaintiff to the defendant at the defendant's request, and no part of the debt was paid. Abadie v. Carrillo, 32 Cal. 172, 175 (1867). However, with respect to a

common count for goods sold and delivered and for services rendered, even the consideration, request, and promise may be implied where the circumstances warrant it. Preston v. Central California Water & Irrigation Co., 11 Cal.App. 190, 195-96 (1909).

Here, the debt, sale and delivery, and amount are sufficiently stated in the complaint. (Cmplt. ¶¶ 18-21.)

An account stated is an agreement upon the amount of a final balance due, with a promise to pay by the obligor, as between parties who have previously transacted business with each other; the account stated is a new and executory agreement into which items in original accounts are merged into the account stated. Gardner v. Watson, 170 Cal. 570, 574 (1915); Zinn v. Fred R. Bright Co., 271 Cal.App.2d 597, 600 (1969). A debt consisting of a single item may be the basis of an account stated, Gardner, 170 Cal. at 574, and the agreement may be implied from the circumstances, such as a statement's being rendered to a debtor with no reply having been made in a reasonable time, Zinn, 271 Cal.App.2d at 600-01.

Here, the allegations include a summary of the transactions and agreements between the parties, as well as of the account stated itself and the amount thereof. (Cmplt. ¶¶ 10-13. 22-25.)

An open book account is a book account, that is, a detailed statement, kept in a book or otherwise reasonably memorialized, in the nature of debit and credit, arising out of contract or some fiduciary relation, which demonstrates against whom and in whose favor the charges run. Interstate Group Administrators, Inc. v. Cravens, Dargan & Co., 174 Cal.App.3d 700, 708 (1985). A

9

book account is "open" when the debtor has made some payment on the account, leaving a balance due. Id. A book account provides the basis for an action on a common count when the book account contains a sufficiently complete statement of the debits and credits of the transactions involved to supply evidence from which it can reasonably be determined what amount is due to the claimant. Id.

Here, as previously noted, the transactional history is alleged in the complaint, and a copy of an invoice is attached. Further, the amount of the debt on the account and the absence of payment was alleged.

The Court concludes that the complaint was legally sufficient.

Although the Court concludes that the common counts are thus adequately stated in Plaintiff's complaint, it is apparent that with the possible exception of the account stated, the common counts were alleged on the basis of the same facts and transaction/s that formed the basis of the claim for breach of contract, and it appears that the same remedies (the amount of payment due with interest and costs) were sought in connection with all the claims. Thus, the various common counts were essentially alternative statements of the same claim as that involved in the claim for breach of express contract, which, as previously analyzed, was adequately stated.

V. Damages

The contract is alleged to have been partially written and partially oral. (Cmplt. ¶10.) The amounts allegedly due are set forth, and there is a reference to an invoice, Exhibit B to the

Complaint, in which the "Terms" portion of the statement reflects "1% 10 DAYS NET 30 DAYS." (Cmplt., Ex. B.) However, there is no expressed contractual formula stated for the cost of the goods or for calculation of the finance charges sought to be recovered by Plaintiff either in the allegations of the complaint or in the invoice. Thus, this does not appear to be an instance in which the amount due is capable of ascertainment from a simple, mathematical computation. Fed. R. Civ. P. 55(b); see, Franchise Holding II, LLP. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 928-29 (9th Cir. 2004), cert denied 544 U.S. 949 (2005).

    Plaintiff has submitted evidence concerning the amount of damages sought. The declaration of Rowland Wilkinson, chief financial officer for Plaintiff, demonstrates that pursuant to an agreement, Defendant applied for credit; accepted drip irrigation materials delivered to Defendant by Plaintiff in April 2008 in the amount of $80,040.00; paid for the materials in part on October 8, 2008, with a partial payment of $24,019.21, credited to the outstanding balance; accepted additional goods sold on October 8, 2008, in the amount of $53,159.39, and on October 15, 2008, in the amount of $68,179.04; failed to dispute invoices memorializing the transactions that were sent with the delivered goods; acknowledged the debt via representative Lance Bradford; and ultimately, as of October 15, 2008, owed a total amount of $177,359.22, which Plaintiff acknowledged was not paid. To that sum the Plaintiff added finance charges in the amount of $2,660.39 on November 30, 2008, December 31, 2008, January 31, 2009, and February 28, 2009, resulting in a total of accrued finance charges of $10,641.56, and a total owing of $188,000.78.

11

Copies of invoices confirm this account. (Decl. of Wilkinson, Exs. A through D.)

Thus, Plaintiff has established entitlement to the amount owing under the contract, namely, $188,000.78.

Plaintiff elects to recover this amount on the breach of contract claim and not under the claim for goods sold and delivered. See, Weitzenkorn v. Lesser, 40 Cal.2d 778, 792 (1953) (the common count of quantum valebant is a claim for the reasonable value of goods sold and delivered); Hedging Concepts, Inc. v First Alliance Mortgage Co., 41 Cal.App.4th 1410, 1419-20 (1996) (noting that the equitable theory of quantum meruit that results in the implication of missing contractual terms will not be applied to vary the express terms of a contract found to exist by the court); Haggerty v. Warner, 115 Cal.App.2d 468, 475 (1953) (noting that a plaintiff seeking a single recovery may plead either upon an express contract or in quantum meruit).

Further, Plaintiff seeks the contract measure of the price of the goods, as distinct from the reasonable value of the goods, on the common count for account stated. (App., Doc. 18-2, p. 15.) See, Benson Electric Co. v. Hale Bros. Associates, Inc., 246 Cal.App.2d 686, 697 (1966).

Accordingly, Plaintiff is entitled to the contract measure of damages that he demonstrated with respect to the breach of contract claim.

VI. Interest

A. Prejudgment Interest

In the complaint, Plaintiff prays for prejudgment interest at the maximum legal rate from the date of the filing of the

complaint through the entry of judgment. (Cmplt. p. 5.) In the declaration of Chris S. Hall, it is declared that the interest that has accrued on the outstanding balance owed to Plaintiff from the date of the filing of the complaint, April 21, 2009, until June 29, 2009, is $3,554.19, or $51.51 per day for sixty-nine days

Where state law provides the rule of decision, it is the duty of federal courts to ascertain and apply that law. In re Exxon Valdez, 484 F.3d 1098, 1100 (9th Cir. 2007). Prejudgment interest is a substantive part of a plaintiff's claim, and not merely a procedural mechanism; thus, state law governs entitlement to it as well as its computation, unless preempted by federal law. Id. at 1101.

Cal. Civ. Code § 3287(b) provides that every person who is entitled under any judgment to receive damages based on a cause of action in contract where the claim was unliquidated may recover interest from a date prior to the entry of judgment as the court may in its discretion fix but in no event earlier than the date the action was filed. Section 3288 provides that in actions for breach of an obligation not arising from contract, and in every case of fraud, malice, or oppression, interest may be given in the discretion of the jury. Section 3289 provides that if a contract entered into after 1986 does not state a legal rate of interest, the obligation bears interest at ten per cent per annum.

It therefore appears that Plaintiff is entitled to receive on the claim for breach of contract prejudgment interest on the sum of $188,000.78 from the date the action was filed, namely,

13

April 21, 2009, until judgment, at the amount of ten per cent on the claim for breach of contract, or $51.51 per day.

### B. Post-Judgment Interest

Plaintiff sought interest at the maximum legal rate from the date of the entry of judgment until the judgment is paid in full. (Cmplt. p. 5.) However, in the application for default judgment, Plaintiff does not seek post-judgment interest.

Assuming that Plaintiff did not intend to waive post-judgment interest, then the Court notes that in diversity actions, state law generally determines the rate of prejudgment interest, and post-judgment interest is governed by federal law. 28 U.S.C. § 1961; Citicorp Real Estate v. Smith, 155 F.3d 1097, 1107-08 (9th Cir. 1998). As to post-judgment interest, Plaintiff appears to be entitled to post-judgment interest at the federal rate pursuant to 28 U.S.C. § 1961, to be calculated from the date of the entry of judgment. Post-judgment interest is calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Calculations in this case should be made at the time of judgment.

The Court concludes that Plaintiff is entitled to post-judgment interest at the rate calculated at the date of judgment until the judgment is paid.

### VII. Costs

Plaintiff seeks costs, including a filing fee ($350.00) and fees for a process server ($50.00), totaling $400.00. (Hall Decl.

1  ¶ 12.)

2     Plaintiff has not briefed the legal basis of Plaintiff's
3  claim entitlement to costs. In the absence of information or
4  briefing from Plaintiff, it is assumed that Plaintiff meant to
5  collect costs pursuant to Fed. R. Civ. P. 54(d), which provides
6  that unless a federal statute, the rules, or a court order
7  provide otherwise, costs, other than attorney's fees, should be
8  allowed to prevailing party.

9     Title 28 U.S.C. § 1920(1) provides that clerk's fees are
10 taxable. Once an item is determined to fall within § 1920, the
11 power to tax such costs is qualified only by the requirement that
12 they be necessarily obtained for use in the case. <u>Alflex Corp. v.
13 Underwriters Laboratories, Inc.</u>, 914 F.2d 175, 177 (9th Cir.
14 1990). Marshal's fees and fees for service by a person other than
15 the Marshal under Fed. R. Civ. P. 4 may be recovered; private
16 process servers' fees are properly taxed as costs. <u>Alflex Corp.
17 v. Underwriters Laboratories, Inc.</u>, 914 F.2d 175, 178 (9th Cir.
18 1990).

19    The Court therefore concludes that Plaintiff is entitled to
20 all claimed costs of $400.00, including the costs of filing the
21 action and of service, which the Court finds were necessarily
22 incurred in this action.

23    VIII. <u>Discretionary Factors</u>

24    Here, it does not appear that there is any risk of mistake
25 or excusable neglect on the part of anyone with a potential
26 interest in the subject matter of the instant action. Further,
27 there is no apparent likelihood of a dispute as to a material
28 fact essential to the Plaintiff's case. No just cause for delay

15

1  appears. It is apparent from the declarations submitted to the
2  Court that none of the defendants is an infant, incompetent, or
3  member of the armed services. There does not appear to be any
4  reason why the general policy in favor of a decision on the
5  merits would warrant refusing to enter the requested default
6  judgment.
7       Accordingly, the Court finds that Plaintiff has shown its
8  entitlement to a default judgment.
9       IX. <u>Disposition and Directions to the Clerk</u>
10            A. <u>Directions to Clerk</u>
11      The Clerk IS DIRECTED to serve a copy of these findings and
12 recommendations on Defendant B&B Drip Irrigation, Inc., by
13 sending them to its registered agent, Lance Bradford, at 4520
14 130th Street, Lubbock, Texas, 79424.
15            B. <u>Recommendations</u>
16      Accordingly, it IS RECOMMENDED that
17      1) Plaintiff's motion for default judgment BE GRANTED; and
18      2) Judgment BE ENTERED in favor of Plaintiff Eurodrip USA,
19 Inc., and against Defendant B&B Drip Irrigation, Inc., on all
20 claims, for $188,000.78 in damages; $400.00 in costs; prejudgment
21 interest at the rate of ten per cent per annum to run beginning
22 on April 21, 2009, the date of the filing of the complaint, until
23 the entry of judgment; and post-judgment interest at the federal
24 rate pursuant to 28 U.S.C. § 1961, to be calculated "from the
25 date of the entry of judgment, at a rate equal to the weekly
26 average 1-year constant maturity Treasury yield, as published by
27 the Board of Governors of the Federal Reserve System, for the
28 calendar week preceding the date of the judgment."

16

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    July 30, 2009**                        **/s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE